*James Blackwell, for appellant.*

*W. B. & H. M. Winslow, Major & Fisher, for appellee.*

---

## VIRGINIA PAGE v. NANCY D. HOLMAN.

**Decedent's Estates—Liability of Executors.**

> The property of an executor's wife, who is also a devisee interested in the administration of the estate, is not liable to be taken by co-devisees to make good any losses they may have sustained through the default of the executor. Their remedy is a suit on the executor's bond.

APPEAL FROM BARREN CIRCUIT COURT.

January 4, 1877.

OPINION BY JUDGE LINDSAY:

The judgment rendered in April, 1869, in the case of *Tolle, Adm'r of Settle, v. Holman, Adm'r,* and the supplemental judgment in the same case rendered October 27, 1869, fully settled and adjudicated all the questions of advancements and all the rights of all the devisees of Franklin Settle, deceased. Virginia L. Barclay, Page and his then wife, Calpurnia, recovered judgment against the executor, Holman, for sums sufficient to make them equal with the sums of money and the value of the property received by the executor's wife, Mrs. Nancy D. Holman. No complaint was then made that the sureties on Holman's bond as executor were not perfectly good and solvent, and in fact it is not shown that the judgment rendered against him in 1869 cannot now be collected from his official sureties. Mrs. Holman cannot be made to answer for his default. She had an interest as heir-at-law and devisee in the dower land allotted to her step-mother, and this interest was not at any time liable for the failure of her husband faithfully to administer her father's estate. She had the right in 1864 to sell this interest, and as there were funds enough in the hands of her husband, for which he and his official sureties were bound, to equalize all the devisees of her father, her said interest cannot now, and never could have been reached by her co-devisees to make good any losses they may have sustained through the default of the executor.

The failure to produce the note is not as well accounted for as might have been done, but the testimony of Mrs. Page is not sufficient to show that it contained any condition, and she does not pretend that the note was not to be paid in case Holman should fail to account for the estate then in his hands. And the judgment of 1869 showed that he then had, in the interest of Mrs. Page and Mrs. Barclay in the estate, funds sufficient to satisfy the note.

We do not think the proof contains the averments of fraud or misrepresentation. The judgment of the court below must be *affirmed.*

*Joseph H. Lewis, for appellant.*

*Bates & Son, for appellee.*